78 F.3d 605
 38 U.S.P.Q.2d 1607
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patricia WIENER, Plaintiff-Appellant,
v.
MITSUBISHI ELECTRONICS AMERICA, INC., and Mitsubishi
Electric Corp. Defendants-Appellees.
 No. 95-1162.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1996.
Rehearing Denied Marh 25, 1996.
 
 Before MAYER, PLAGER, and SCHALL, Circuit Judges.
 Opinion for the court filed by Circuit Judge PLAGER, in which Circuit Judge SCHALL joins. Circuit Judge MAYER dissents.
 PLAGER, Circuit Judge.
 
 
 1
 Patricia Wiener appeals the judgment of the United States District Court for the Central District of California, No. CV-91-2150-RSWL (JRx), awarding partial summary judgment to Mitsubishi Electronics America, Inc. and Mitsubishi Electric Corp. (collectively "Mitsubishi"). We vacate the judgment and remand the case.
 
 
 2
 Wiener sued Mitsubishi for infringement of U.S. Patent No. 3,771,145. Mitsubishi moved for summary judgment, alleging that Wiener had failed to mark her patented products and had failed to notify Mitsubishi of the alleged infringement before the patent expired. See 35 U.S.C. § 287 (1994). Wiener offered the deposition testimony of three witnesses on the marking issue. The trial court held that this evidence was insufficient to raise a genuine issue of material fact. We disagree.
 
 
 3
 Admittedly, the evidence offered by Wiener is not conclusive on the issue of marking, and at trial the evidence can and likely will be challenged by Mitsubishi. However, it is the province of the jury to determine the credibility of witnesses and to draw inferences from evidence. Although the jury will have to draw inferences to conclude that Wiener marked her products even if it believes the testimony, that is the province of the jury. We therefore vacate the judgment and remand the case for further proceedings consistent with this opinion.
 
 
 4
 MAYER, Circuit Judge, would affirm the judgment, and accordingly dissents.